IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMIKO MATTHEWS, as legal guardian and next friend of DM, a minor child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 119-219 |
| ANDREW SAUL, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Tamiko Matthews, on behalf of DM, appeals the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

On January 31, 2017, Plaintiff applied for SSI on behalf of DM, a child, alleging disability from attention deficit hyperactivity disorder ("ADHD") and a learning disability with an onset date of August 1, 2016. Tr. ("R."), 85, 186. At the time of the application under review, DM was eight

years old, and he was eleven years old at the time the Administrative Law Judge ("ALJ") issued the opinion under consideration.  R. 30, 85, 186.  The Social Security Administration denied DM's application initially and on reconsideration. R. 85-93, 94-103.  Plaintiff requested a hearing before the ALJ, R. 116, and the ALJ held a hearing on November 14, 2018.  R. 34-84.  At the hearing, the ALJ heard testimony from Plaintiff and DM, who appeared with an attorney.  Id.  On December 11, 2018, the ALJ issued an unfavorable decision.  R. 13-30.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1.   The claimant has not engaged in substantial gainful activity since January 26, 2017, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2.   The claimant has the following severe impairment:  attention deficit hyperactive disorder (ADHD) (20 C.F.R. § 416.924(c)).

3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926).  The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926a).  The claimant has not been disabled, as defined by the Social Security Act, since January 26, 2017, the date the application was filed.  (20 C.F.R. § 416.924(a)).

R. 13-30.

When the Appeals Council denied Plaintiff's request for review, R. 2-7, the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.  Plaintiff raises seventeen overlapping and interrelated enumerations of error.  (See doc. nos. 10, 13.)  The

Commissioner maintains the administrative decision is supported by substantial evidence. (See doc. no. 11.)

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards

other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff contends the ALJ should have ordered a consultative examination because no medical professional reviewed DM's "entire file" or tested DM's ADHD condition, cognitive ability, memory, or age appropriate social abilities.  (Doc. no. 10, pp. 20-21; doc. no. 13, p. 13.)  The Court agrees.

A three-step sequential process is used to determine whether a child is disabled.  20 C.F.R. § 416.924.  At the third and final step - at issue here - the Commissioner must determine whether the claimant's impairments meet, medically equal, or functionally equal the Listings.  Id. § 416.924(d).  If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will not be found disabled.  Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment."  Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004).   In order to show that his impairment meets a Listing, a claimant needs to meet all of the specified medical criteria;

4

an impairment that manifests only some of those criteria, no matter how severely, does not qualify.  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'"  Shinn, 391 F.3d at 1279.  The claimant bears the burden of presenting specific medical findings to show he meets or equals a Listing.  Wilkinson ex rel. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In determining whether an impairment or combination of impairments "functionally equals the severity" of a listed impairment, the ALJ must consider six major domains of life, including:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin., 783 F.3d 847, 851 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)).  The claimant has the burden of proof to show that he has an "extreme" limitation in one domain, or "marked" limitations in two domains.  Id.  A marked limitation is one that "interferes seriously" with a child's ability to independently initiate, sustain or complete activities and "also means a limitation that is 'more than moderate' but 'less than extreme.'"  Id.  An extreme limitation is one that "interferes very seriously" with a child's ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(3)(i).  However, a rating of extreme is reserved for only the "worst limitations," although this "does not necessarily mean a total lack or loss of ability to function."  Id.

The ALJ primarily relied on three sources of evidence in support of his finding DM had less than marked limitations in the four functional domains, i.e. Plaintiff's hearing testimony, the medical records from the office of Dr. Babatope, and the findings of non-examining, consulting

psychologists William Gore, Ph.D., and Robbie Ronin, Psy. D.  The problem, however, is none of these sources contain any objective measurement of DM's functioning in the four domains.

Plaintiff's hearing testimony is lay observation of DM's functioning in light of his ADHD diagnosis, with and without the medication.  While her testimony is an important point of reference, it is no substitute for medical evidence concerning his functional capacity and the effects of medication on the four functional domains.

The closest the record comes to providing an objective measurement of DM's functional capabilities with ADHD is the concerning April 2017 report of his teacher, Ms. Tammy Streetman, that Plaintiff was on a first-grade level for math and reading even though he was at that time in the fourth grade.  R. 238.  Notably, she also opined DM had very serious problems with acquiring and using information, and serious to very serious problems with attending and completing tasks.  R. 239.  Ms. Streetman gave this opinion after DM began taking medication for ADHD, and while she does state DM's functioning changes when he medicates, such that he is more focused and on task, she does not describe the degree to which the medication enhances DM's functional capacity.  R. 244.  While a teacher's assessment is an important point of reference, it is no substitute for medical evidence and diagnostic testing.

Dr. Babatope's medical records do not contain any objective assessment of DM in the four functional areas, either with or without DM taking medication.  R. 269-86, 306-32.  Indeed, most of the information cited by the ALJ from these medical records is merely Plaintiff's lay observations of DM's ADHD symptoms and ameliorating effects of the medication.  Furthermore, Dr. Babatope's medical records do not contain any substantive discussion of DM's ADHD or functional capacity by Dr. Babatope or any other medical personnel.  The ALJ correctly noted medical findings at every appointment that DM's cognitive functioning, attention, concentration,

6

and perception "appear to be adequate," and his intellect and fund of knowledge are "fair." These findings, however, are repeated verbatim at each appointment, regardless of the evaluator, without any context of how these determinations were made. One cannot say with any degree of confidence these findings are substantial evidence supporting the conclusion DM has no marked limitations in the four functional domains.

With this understanding of Dr. Babatope's medical records in mind, one can easily understand why no comfort can be found in the opinions of the two non-examining, consulting psychologists. Neither one of them examined DM or reviewed his school records, which their reports list as requested but not received. R. 85-102. The only evidence they considered, therefore, were the medical records which primarily consists of the uninformative Dr. Babatope records described above.

Accordingly, remand is necessary because the ALJ's decision rests on insubstantial evidence, and there is no objective testing in the record to measure the extent ADHD affects DM's functioning in the four domains or the enhancement in functioning DM experiences when taking his medication. While the claimant bears the burden of proving his disability and is responsible for providing evidence in support of his claim, Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003), "the ALJ has a basic obligation to develop a full and fair record." Larry v. Comm'r of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (per curiam) (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). An ALJ may order a consultative examination when warranted, pursuant to 20 C.F.R. § 416.917, and "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted). Stated differently, an ALJ must order a consultative examination to further develop a record that is incomplete or inadequate

such that the ALJ cannot make an informed decision. <u>Ingram v. Comm'r of Soc. Sec. Admin</u>, 496 F.3d 1253, 1269 (11th Cir. 2007). The record is incomplete for the reasons state above, and a consultative examination is necessary for an informed decision.

IV.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 24th day of August, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA